Fremont-Smith, J.
The petitioner, Sunni Ali (“Ali”) brought this action in the nature of certiorari pursuant to G.L.c. 248, §1 claiming that the Department of Corrections (“DOC”) inaccurately calculated his release date and that the term of his incarceration has expired. The court previously granted summary judgment for the respondents, but ordered the DOC to “credit Ali with any additional [earned good time] credits he is due for Aflcoholics A[nonymous] participation since August 1987 under the pre-August 1987 Regulations . ..” See Ali v. Dubois, Middlesex Superior Court 93-3870 (1992). The respondents have now moved for reconsideration of so much of that order which required the DOC to credit Ali for participating in Alcoholics Anonymous (“A.A”) and Narcotics Anonymous (“N.A.”) after April 1993 under the pre-August 1987 regulation. Ali has submitted papers in opposition to the motion. For the reasons discussed below, the respondents’ motion for reconsideration of the court’s previous order is allowed and that order is modified.
DISCUSSION
The DOC argues persuasively that Ali is not entitled to receive earned good time credits after May 1993 for participating in A.A. and N.A. because the DOC’s 1987 decision to disallow future credits for these programs does not violate the Constitutional ban on ex post facto laws. To apply the new regulation to Ali, and not violate Article 1, §9 Clause 3 and Article 1, §10 Clause 1 of the Constitution, the regulation must not be “more onerous” than the regulation it replaces. Piper v. Perrin, 560 F.Supp. 253, 258 (D.N.H 1983); Dobbert v. Florida, 432 U.S. 282, 294 (1977).
The new regulation does not decrease the number of earned good time credits an inmate can earn, as that figure remains fixed at 7.5 days per month. It merely alters the earned good time credit eligibility of certain programs (A.A. and N.A.) without affecting the 7.5 days per month limit. Because the application of the DOC’s new regulation after May 1993 does not alter Ali’s ability to earn all the credits which were available to him prior to the new regulation, or deprive him of credits he has already earned before May 1993, it is not more onerous than the prior regulation. “The Constitution’s prohibition on ex post facto laws simply does not put a perpetual freeze on the kinds of activities for which the Commissioner may award, or decline to award; good time credits.” Bradham v. Dubois, Middlesex Superior Court 92-2253 (1992). See also Scarpa v. Dubois, Middlesex Superior Court 92-04871 (1992); Ortiz v. Dubois, Middlesex Superior Court 92-9290 (1992); Cormier v. Commonwealth of Massachusetts, Middlesex Superior Court 92-3848 (1992).
ORDER
For the foregoing reasons, respondents’ motion for reconsideration is ALLOWED, and it is hereby ORDERED that the December 23, 1993 order be modified as follows: The respondents are ORDERED to credit *481 Ali with any additional credits he is due for his A.A. and N.A. participation from August 1987 up until May 1993, but not for any A.A. or N.A. participation after May 1993.